IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| TERRE LYNE FUNDERBURK, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 2:10cv852-CSC |
| ) | (WO) |
| CAROLYN W. COLVIN, ) | |
| Acting Commissioner of Social Security,[1] ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM OPINION AND ORDER**

On February 4, 2015, plaintiff's counsel filed a motion for approval of attorney's fees pursuant to 42 U.S.C. § 406(b) seeking $4,961.75 in attorney's fees. (Doc. # 21). According to plaintiff's counsel, the Social Security Administration withheld $10,961.75 from the plaintiff's award of past due benefits for payment of attorney's fees which represents 25 percent of the past due benefits awarded. (Doc. # 21 at 2, ¶ 9). Plaintiff's counsel requests $4,961.75 from the amount withheld because counsel was authorized $6,000.00 for work performed at the administrative level. (Doc. # 22). The plaintiff's counsel was previously awarded $1,687.50 in fees under the Equal Access to Justice Act ("EAJA"). (Doc. # 20). Ultimately, plaintiff's counsel would receive $9,274.25[2] in fees pursuant to 42 U.S.C. §

---

[1] Carolyn W. Colvin became the Acting Commissioner of Social Security on February 14, 2013

[2] "After [counsel] refunds the EAJA fee, the net attorney fee paid out of past due benefits will be $9,274.25, which is the 25 percent of past-due Title II benefits ($10,961.75) less the EAJA fee ($1,687.50) returned to the Plaintiff by [her counsel]" (Doc. # 22 at 4). The $9,274.25 amount includes the $6000 awarded to counsel for work performed at the administrative level.

406(b).   The United States does not oppose the award of fees.

The plaintiff entered into a contingency fee agreement with counsel in which the plaintiff agreed to payment of attorney's fees in the amount of 25 percent of any past due benefits awarded to her.  (Doc. # 22, Ex. C).  On October 8, 2010, the plaintiff sought review of the Commissioner's adverse decision in this court.  (Compl., Doc. # 1).  Pursuant to 28 U.S.C. § 636(c)(1) and M.D. Ala. LR 73.1, the parties consented to entry of final judgment by the United States Magistrate Judge.  On March 15, 2012, the court remanded this case to the Commissioner for further proceedings pursuant to sentence four of 42 U.S.C. § 405(g). (Docs. # 15 & 16).

On October 21, 2012, the plaintiff was awarded past due benefits in the amount of $43487.00.  (Doc. # 22, Ex. F).  The Social Security Administration withheld $10,961.75 from her past due benefits for payment of attorney's fees.  Plaintiff's counsel petitioned and was awarded $6,000 in attorney's fees for work performed at the administrative level.[3] *See* 42 U.S.C. § 406(a).  At this juncture, Plaintiff's counsel seeks payment of fees from this court pursuant to 42 U.S.C. § 406(b) in the amount of $4,961.75.  (Doc. # 22, Ex. H).

While the United States does not oppose the award of fees, the court must independently determine whether an award of attorney's fees in the amount of $4,961.75 is reasonable in this case.  The plaintiff's counsel asserts that he expended 18.5 hours

---

[3]  Counsel actually received $5,912.00 because the Social Security Administration assessed an administrative service fee.  (Doc. # 22, Ex. G)

representing the plaintiff in this court.[4]  A fee of $4,961.75 equates to an hourly rate of $268.20 for work performed in this court.

In *Grisbrecht v. Barnhart*, 535 U.S. 789, 794 (2002), the Supreme Court examined the question of attorney's fees in conjunction with contingency fee agreements in Social Security disability cases.  Specifically, the Court held that "§ 406(b) does not displace contingent-fee agreements as the primary means by which fees are set for successfully representing Social Security benefits claims in court.  Rather § 406(b) calls for court review of such arrangements as an independent check, to assure that they yield reasonable results in particular cases." 535 U.S. at 807.  The contingency fee agreement in this case does not exceed the 25 percent ceiling established by § 406(b).  However, it is not sufficient for the court to simply accept 25 percent of past due benefits as a reasonable attorney fee.

> Courts that approach fee determinations by looking first to the contingent-fee agreement, then testing for reasonableness, have appropriately reduced the attorney's recovery based on the character of the representation and the results the representation achieved.

*Gisbrecht*, 535 U.S. at 808.

"Within the 25 percent boundary . . . the attorney for the successful claimant must show that the fee sought is reasonable for the services rendered." *Id.*, at 807.  The burden is on plaintiff's counsel to demonstrate the reasonableness of the requested fee. *Id*. Counsel

---

[4] In his motion for attorneys fees pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412(d), counsel averred that he had expended 13.5 hours on work in this court. (Doc. # 17).  In the pending motion, counsel's statement of hours includes an additional 5 hours of work preparing the present petition . (Doc. # 22, Ex. B).

is seeking $4961.75 in attorney's fees for 18.50 hours of work over a four year period. The hourly rate of the award would equal $268.20 which the court concludes is reasonable on its face. The United States does not object to the award, and the court's judgment about reasonableness is informed by *Gisbrecht's* conclusion that Congress did not mean to "outlaw" lawful contingent fee agreements. Counsel is experienced in representing Social Security claimants, and he has represented Social Security claimants for over fourteen (14) years. He regularly practices in this court and the court is familiar with his work. Consequently, the court concludes that payment in the amount of $4,961.75 which equals 25% of the past due benefits would be reasonable under the circumstances of this case. Plaintiff's counsel was previously awarded $1,687.50 under the EAJA. Plaintiff's counsel represented to the court that he would refund to the plaintiff the amount of fees previously awarded to him under the EAJA. (Doc. # 22 at 4). Rather than require plaintiff's counsel to refund that amount to the plaintiff, the court offsets the award of attorney's fees by that amount. *See Jackson v. Comm'r of Soc. Sec.,* 601 F.3d 1268, 1269 (11th Cir. 2010) ("We conclude that the attorney may offset the earlier award by making a corresponding reduction to [her] 42 U.S.C. § 406(b) fee request."). After the offset, the amount of attorney's fees at issue is $3,274.25.

Accordingly, it is

ORDERED and ADJUDGED that, pursuant to the 42 U.S.C. § 406(b),

1. The petition for attorney's fees be and is hereby GRANTED to the extent that

counsel be and is hereby AWARDED $3,274.25 as a reasonable attorney's fee.

    2.      The Commissioner shall pay to the plaintiff's attorney $3,274.25 of the amount previously withheld from the plaintiff's past due benefits; and

    3.      The Commissioner shall pay to the plaintiff $1,687.50 of the amount previously withheld from her past due benefits.

Done this 20th day of February, 2015.

                                    /s/Charles S. Coody
                                    CHARLES S. COODY
                                    UNITED STATES MAGISTRATE JUDGE